Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION FILE NO. 05-249-KSF

JUN 15 2005

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

DUANE and SAUNDRA SWANSON,

PLAINTIFFS

v.

EQUIFAX INFORMATION SERVICES, LLC,
and
TRANS UNION, LLC,

DEFENDANTS

**Complaint**
Trial by Jury Requested

Plaintiffs, Duane and Saundra Swanson, for their Complaint state as follows:

## Jurisdiction and Venue

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; the claims arising under state law are so related to claims in the action within this Court's federal-question jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This Court therefore has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the related state-law claims under 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391(b).

## Parties

3. Plaintiffs are natural persons, married to each other and residing in Garrard County, Kentucky.

4. Defendant Equifax Information Services, LLC ("Equifax") is a foreign corporation. Equifax's registered agent for service of process is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601-1550.

5. Defendant Trans Union, LLC ("Trans Union") is a foreign corporation. Trans Union's registered agent for service of process is Prentice Hall Corporation System, 421 West Main Street, Frankfort, Kentucky 40601.

## Background

6. The Swansons filed a Complaint against Equifax and Trans Union, among others, on June 13, 2003 ("the 2003 Complaint"). In the 2003 Complaint, the Swansons alleged, among other things, credit reporting violations by Equifax and Trans Union under the FCRA.

7. Upon information and belief, the Complaint prompted Equifax and Trans Union to initiate investigation procedures and take other action against the Swansons.

### Equifax's Investigation

8. At the time of the 2003 Complaint, the Swansons' Equifax credit reports were inaccurate and incomplete.

9. In its investigation prompted by the 2003 Complaint, Equifax's investigation procedures were unreasonable and inadequate to ensure maximum possible accuracy of the Swanson's credit information.

10. Upon information and belief, Equifax sent Consumer Dispute Verification ("CDV") forms regarding each Swanson to all of the Swansons' creditors regarding all of the Swansons' credit accounts. The Swansons did not dispute all of their accounts.

11. Although corrected information was furnished in response to some of the CDVs, Equifax did not update the Swansons' credit reports with the corrected information.

12. Upon information and belief, a January 14, 2004 credit report stated that Equifax was investigating various Swanson credit accounts for which the Swansons had never reported a dispute.

13. Equifax has never given the Swansons the results of the investigation into these accounts.

Other Action Taken by Equifax

14. After the 2003 Complaint was filed, Equifax retaliated against the Swansons.

15. Equifax accessed the Swansons' credit information without a permissible purpose on several occasions since the filing of the 2003 Complaint.

16. Since the 2003 Complaint was filed, Equifax has failed to provide the Swansons' credit reports to potential creditors.

17. After the 2003 Complaint was filed, Equifax removed the Swansons' credit reports from online access by third parties. Following verification of disputed accounts, Equifax failed to put the Swansons' credit reports back online.

Trans Union's Investigation

18. At the time of the Complaint, the Swansons' Trans Union credit reports contained inaccurate and incomplete information.

19. In its investigation prompted by the 2003 Complaint, Trans Union's investigation procedures were unreasonable, and were inadequate to ensure maximum possible accuracy of the Swanson's credit information.

20. Trans Union sent CDVs regarding several of the Swansons' credit accounts. Although corrected information was furnished in response to the CDVs, Trans Union did not update the Swansons' credit reports with the corrected information.

21. Trans Union inappropriately deleted undisputed account information from the Swansons' credit files.

Injury to the Swansons

22. The Swansons have suffered and will continue to suffer damages, embarrassment, emotional stress, anxiety, and humiliation as a result of Defendants' various failures to provide accurate information about their credit histories and failures to correct disputed information in an accurate and timely manner, and by Equifax's repeated claims of false disputes to their creditors and its refusal to provide reports to potential creditors.

23. The Swansons have been and will continue to be refused credit altogether or credit on more favorable terms as a direct and foreseeable consequence of Defendants' reporting of inaccurate negative information and omission or deletion of correct, positive account information in their credit histories and of Equifax's refusal to provide credit reports on the Swansons.

## Claims

### Fair Credit Reporting Act Violations

24. At all times since the filing of the 2003 Complaint, Defendants Equifax and Trans Union have been and are regularly engaging in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and use one or more means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports for monetary fees, dues, or on a cooperative nonprofit basis.

25. With respect to the Swansons' accounts, Defendants Equifax and Trans Union failed to follow reasonable procedures to assure the maximum possible accuracy

of the information contained in the Swansons' credit reports, in willful or negligent violation of 15 U.S.C. § 1681e.

26. After the Swansons filed the 2003 Complaint, Equifax retaliated against them by refusing to provide their reports, in willful or negligent violation of 15 U.S.C. § 1681i.

27. Equifax investigated undisputed accounts and never produced the results of those investigations to the Swansons.

28. After the Swansons filed the Complaint, Equifax accessed Plaintiffs' credit information without a permissible purpose, in willful or negligent violation of 15 U.S.C. § 1681b.

29. The Swansons are entitled to recover all relief available for violations of the FCRA by Equifax and Trans Union, including actual damages and other remedies listed in 15 U.S.C. §§ 1681n and 1681o (costs, a reasonable attorney's fee, and punitive damages as the Court may allow).

<u>Unfair and Deceptive Acts or Practices</u>

30. The conduct of Defendants Equifax and Trans Union constitutes unfair, false, misleading, or deceptive acts or practices in the conduct of trade or commerce within KRS 367.170. In particular, Equifax and Trans Union:

    a. reported inaccurate information regarding the Swansons' credit histories, often confusing and mixing up account information;

    b. continued to report false and inaccurate information about the Swansons' credit histories after the Swansons brought the errors to their attention; and

    c. deleted undisputed information or failed to correct the Swansons' credit reports once accurate information was reported.

31. Additionally, Equifax retaliated against the Swansons by refusing to provide credit reports to potential creditors, refusing to enable online access to the Swansons' credit reports, investigating undisputed accounts, and failing to provide the results of those investigations.

32. The unfair, false, misleading or deceptive acts or practices alleged in this Complaint include, but are not limited to, failures and omissions with respect to obligations under federal statutes and regulations.

33. As a proximate result of Defendants' violation(s) of KRS 367.170, the Swansons have suffered injury.

34. For Defendants' violation(s) of KRS 367.170, the Swansons are entitled to compensatory and punitive damages.

WHEREFORE, Plaintiffs Duane and Saundra Swanson request the following:

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages in an amount adequate to punish Defendants' misconduct and to deter Defendants and others from engaging in similar misconduct in the future;

C. Applicable statutory damages and penalties;

D. Award of reasonable attorney's fees and expenses of the litigation;

E. Trial by jury on all issues so triable; and

F. Such other relief to which they may be entitled.

Respectfully submitted,

Katherine S. Sanford
Katherine K. Yunker
YUNKER & ASSOCIATES
P.O. Box 21784
Lexington, KY 40522-1784
(859) 255-0629
Fax: (859) 255-0746

By: _____

ATTORNEYS FOR PLAINTIFFS,
DUANE AND SAUNDRA SWANSON